IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SIN SHEN TIEN JIANG,**<br><br>Petitioner,<br><br>v.<br><br>**LORETTA E. LYNCH,**<br><br>Respondent. | Case No. 1:15-cv-01175 MJS (HC)<br><br>**ORDER DENYING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF No. 21)** |

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 20, 2015. Petitioner contends he is being indefinitely detained in violation of his substantive and procedural due process rights and Respondent's statutory authority. See Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.") The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 16-18.)

I.  **BACKGROUND**

Petitioner is a native and citizen of the People's Republic of China. (See Pet. at

1.) Petitioner was released from Bureau of Prisons custody and taken into the custody of Immigration and Customs Enforcement ("ICE") on October 2, 2014, based on a final order of removal issued on November 1, 1994. (Id. at 1.) Petitioner contends that he was held in post-detention custody for over six months at the time he filed the petition. (Id. at 4-5.)

This matter was transferred to this district on July 29, 2015. The next day, July 30, 2015, the Court ordered Respondent to submit a response to the petition within thirty (30) days. (ECF Nos. 11, 14.) On August 11, 2015, Respondent filed a motion to dismiss the petition as moot. (Mot. to Dismiss, ECF No. 21.) Respondent contends that Petitioner was released from detention on August 7, 2015, and based on the fact that he is no longer confined, the petition is moot. (Id.)

Respondent attached the Order of Supervision issued by ICE on August 7, 2015 to the motion to dismiss. (See Mot., Ex. A.) As a condition of his Order of Supervision, Petitioner is required to participate in a supervised release program, specifically, Petitioner is to reside and satisfactorily participate in a residential reentry center program operated by the Bureau of Prisons for up to 180 days. (Id. at 4, 8.)

**II.    ANALYSIS**

Respondent contends that Petitioner has been released from ICE detention and that the petition is now moot. Petitioner did not file a response.

The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, (1990) (internal quotations omitted). A claim is moot when "the issues presented are no longer live" and there exists no "present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (quoting Vill. Of Gambell v. Babbityt, 999 F.2d 403, 406 (9th Cir. 1993)). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. Abdala v. INS, 488 F.3d

1061, 1063 (9th Cir. 2007). The in-custody requirement is a clear precursor to a properly-filed habeas corpus petition. See Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991) (habeas petition dismissed as moot because INS Director had released (paroled) alien petitioner).

Mootness is not automatic. Zegarra-Gomez v. United States, 314 F.3d 1124, 1126-27 (9th Cir. 2003). But in order for a habeas petitioner to continue to present a live controversy after release, there must be some collateral consequence that may be redressed by success on the petition. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); Abdala, 488 F.3d at 1064.

From the records presented here, it appears that Petitioner remains under the supervision of ICE, and has been placed in custody of the Bureau of Prisons as a condition of his supervision. If Petitioner remains in custody, then the challenge to his confinement would not be moot. See e.g., Rosales-Garcia v. Holland, 322 F.3d 386, 397 n.10 (6th Cir. 2003) (Government did not claim that Petitioner's recent placement in a residential substance-abuse recovery program while challenging post-exclusion detention mooted Petitioner's case.)

Respondent has not sufficiently explained how Petitioner is not still in custody of ICE, or if Petitioner is rather to be considered to be in the custody of the Bureau of Prisons, why the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review" would not apply. Spencer, 523 U.S. at 17.[1] This exception applies where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Id.

---

[1] This exception to the mootness doctrine applies where "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Id. To the extent that Respondent contends that the petition is moot because Petitioner is in BOP, rather than ICE custody, Respondent must address this exception, and whether, if Petitioner fails to meet the terms of his confinement in the reentry program, he would be returned to ICE custody.

**III.     CONCLUSION**

Respondent has failed to show that Petitioner is no longer in confinement, and that the case should be considered moot. Respondent's motion to dismiss is DENIED. Respondent is hereby ordered to file a renewed motion to dismiss addressing Petitioner's current state of confinement, or alternatively, an answer to the petition within thirty (30) days of the date of issuance of this order.

IT IS SO ORDERED.

Dated:    September 21, 2015            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE