IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SIN SHEN TIEN JIANG,**<br><br>                          Petitioner,<br><br>     v.<br><br>**LORETTA E. LYNCH,**<br><br>                          Respondent. | Case No. 1:15-cv-01175 MJS (HC)<br><br>**ORDER GRANTING RENEWED MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF No. 23)** |

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 20, 2015. Petitioner contends he is being indefinitely detained in violation of his substantive and procedural due process rights and Respondent's statutory authority. See Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.")

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 16, 18.)

1

## I. BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. (See Pet. at 1.) Petitioner was released from Bureau of Prisons custody and taken into the custody of Immigration and Customs Enforcement ("ICE") on October 2, 2014, based on a final order of removal issued on November 1, 1994. (Id. at 1.) Petitioner contends that he was held in post-detention custody for over six months at the time he filed the petition. (Id. at 4-5.)

On August 11, 2015, Respondent filed a motion to dismiss the petition as moot. (Mot. to Dismiss, ECF No. 21.) Respondent contended that Petitioner was released from detention on August 7, 2015, and based on the fact that he is no longer confined, the petition is moot. (Id.)

On September 21, 2015, the Court denied the motion to dismiss without prejudice as Petitioner may have potentially remained in the custody of ICE based on the terms of the condition of release. (ECF No. 22.) The Court ordered Respondent to file a renewed response to the petition within thirty days. On September 22, 2015 Petitioner filed a renewed motion to dismiss. (Mot., ECF No. 23.) Respondent presents two arguments: (1) a renewed argument that Petitioner's release from immigration detention mooted the petition, and (2) that Petitioner has failed to prosecute his case by not responding to the motion to dismiss or provide the Court with a current mailing address. (Id.) For the sake of judicial efficiency, the Court will review and grant the motion to dismiss based on Respondent's second argument that Petitioner has failed to properly prosecute his petition.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

2

In the instant case, Respondent filed a motion to dismiss on September 22, 2015, and the copy of the motion served on Petitioner was returned to the Court as undeliverable on October 13, 2015. Accordingly, over sixty-three (63) days have passed since Petitioner's mail was returned and he has not notified the Court of a current address. Further, Petitioner was placed on notice of the possibility of dismissal based on his failure to prosecute by the September 22, 2015 motion to dismiss filed by Respondent. (ECF No. 23.) In the motion, Respondent argues that the petition should be dismissed based on Petitioner's failure to prosecute, and cites to Local Rule 183. (Id.)

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since May 20, 2015. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address. Furthermore, in failing to comply with a simple order of the Court, the Court is concerned that if the case is not dismissed, Petitioner shall not comply with further orders of the Court. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to properly communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, Respondent's motion to dismiss is granted and the petition is

dismissed for Petitioner's failure to prosecute.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss is GRANTED (ECF No. 23.);
2. The Petition for Writ of Habeas Corpus is DISMISSED[1]; and
3. The Clerk of Court is ordered to close the case.

IT IS SO ORDERED.

Dated:   January 13, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Because Petitioner was a federal detainee bringing a legitimate § 2241 petition, a certificate of appealability is not required. Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008).